[Cite as *In re A.S.*, 2011-Ohio-694.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| A. S. | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| MINOR CHILD(REN) | |
| | Case No. 2010CA00269 |
| | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas,<br>Juvenile Division, Case No. 2009JCV1457 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 14, 2011 |

APPEARANCES:

For Appellant

KIMBERLY L. STOUT
200 West Tuscarawas Street
Suite 200
Canton, OH  44702

For Appellee

JERRY COLEMAN
221 Third Street, SE
Canton, OH  44702

*Farmer, P.J.*

{¶1}  On November 16, 2009, appellee, the Stark County Department of Jobs and Family Services, filed a complaint for temporary custody of A. S. born November 12, 2009, alleging the child to be dependent.  Mother is Gina Williamson; alleged father is appellant, Rodney Skuca.  By judgment entry filed January 25, 2010, the trial court found the child to be dependent and granted temporary custody to appellee.

{¶2}  On July 21, 2010, appellee filed a motion for permanent custody.  A hearing was held on August 24, 2010.  During the hearing, mother executed a stipulation, voluntarily relinquishing her parental rights.  By judgment entry filed same date, the trial court granted permanent custody of the child to appellee.  Findings of fact and conclusions of law were filed contemporaneously with the judgment entry.

{¶3}  Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4}  "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF A.S. TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES."

II

{¶5}  "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF A.S. TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

III

{¶6} "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF A.S. TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I, II, III

{¶7} Appellant claims the trial court's findings that A. S. is a dependent child and granting permanent custody to appellee is in the best interests of the child are against the sufficiency and manifest weight of the evidence. We disagree.

{¶8} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶9} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:

{¶10} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

{¶11} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

{¶12} "(10) The parent has abandoned the child.

{¶13} "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to

care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.

{¶14} "(16) Any other factor the court considers relevant."

{¶15} R.C. 2151.414(B)(1) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child:

{¶16} "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

{¶17} "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period,***and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

{¶18} "(b) The child is abandoned.

{¶19} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

{¶20} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***."

{¶21} R.C. 2151.414(D)(1) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:

{¶22} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶23} "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶24} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶25} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶26} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶27} As stated supra, mother relinquished her parental rights to the child and stipulated to the granting of permanent custody of the child to appellee. T. at 3-7; Finding of Fact Nos. 13-19 Regarding Foreseeable Future and Finding of Fact No. 6 Regarding Best Interests.

{¶28} As for appellant, the trial court found the following:

{¶29} "9. The alleged father of A.S. was served by certified mail with notice of this motion for permanent custody. A.S. was born in prison, after both parents were sentenced. Rodney Skuca has not had contact with A.S. since her birth due to his incarceration and a court no contact order. Certainly, Rodney Skuca has not had contact with her during the past ninety days. Paternity has not been established.

{¶30} "11. Mr. Skuca is in prison after having been convicted of unlawful sexual conduct with a minor, Ms. Williamson's 15 year old sister, as well as possessing nude minor sexual material. He is sentenced to seven years and is scheduled to be released in March of 2016. He was also classified as a Tier II Sex Offender which carries a 25 year registration period. As such, the alleged father has been convicted of or pleaded guilty to an offense wherein a child was a victim as described forth in O.R.C. 21515.031 (sic).

{¶31} "12. Mr. Skuca was incarcerated at the time the complaint of dependency was filed and will not be able to care for the child for at least eighteen months after the filing of the permanent custody motion.

{¶32} "5. The Court finds that Rodney Skuca has abandoned this child by lack of contact for more than ninety days. Mr. Skuca will not be available to care for the child for at least eighteen months after the filing of the permanent custody motion." Finding of Fact Nos. 9, 11, and 12 Regarding Foreseeable Future and Finding of Fact No. 5 Regarding Best Interests.

{¶33} At the time of the hearing, appellant was incarcerated, and will be incarcerated for the next six years, for unlawful sexual conduct with a minor and possessing nude minor sexual material. T. at 8-9. The child has received no contact

from the father; however, a "no contact" order is in effect between appellant and the child. T. at 9-10. Appellant has never attempted to contact appellee regarding the child. T. at 10.

{¶34} Appellant testified he never saw the child because she was born while he was incarcerated. T. at 11-12. However, he wishes to establish a relationship with the child when he is released from prison. T. at 12. Appellant stated he would be out in five and one-half years. T. at 14.

{¶35} The facts clearly establish there is no likelihood in the near future of re-uniting appellant with the child, and appellant never contacted appellee to inquire about the child. We find the trial court did not err in finding, by clear and convincing evidence, that the child is dependent and appellant abandoned the child.

{¶36} As for best interests, it is appellant's position because of his incarceration and the "no contact" order, he has not been able to establish a bond with the child, but hopes to do so in five and one-half years.

{¶37} The trial court found the following as to the child needing to be in a stable loving environment:

{¶38} "3. A.S. has been placed in a foster to adopt home in Louisiana since February of this year. The home is appropriate, the child is bonded with the foster parents and the foster parents are anxious to adopt A.S. She also is able to visit with a biological sister who also resides in Louisiana with relatives of this foster family.

{¶39} "7. The Court finds it is in the best interest of A.S. to grant her permanent custody to the SCDJFS for purposes of adoption. A.S. deserves to be in a stable, loving environment where she can thrive and have her needs met on a daily basis.

{¶40} "8.***Extending temporary custody of A.S. to allow the parents to work on their case plan is not in the child (sic) best interest. It appears from the evidence that the parents will not be able to remedy the initial problems in this case any time within the foreseeable future." Finding of Fact Nos. 3, 7, and 8 Regarding Best Interests.

{¶41} Under "Placement," the trial court concluded, "[t]he parents are incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least 18 months after the filing of the motion for permanent custody or the dispositional hearing."

{¶42} The child is placed in Louisiana with relatives on the father's side. T. at 16. The child has a sibling in Louisiana placed with other relatives on the father's side. Id. The child has bonded with the family, visits her sibling, and is "a content, happy child." Id. The family is interested in adopting the child. T. at 16-17.

{¶43} Upon review, we find the trial court did not err in finding, by clear and convincing evidence, that the best interests of the child would best be served by granting appellee permanent custody of the child.

{¶44} Assignments of Error I, II, and III are denied.

{¶**45**} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division, is hereby affirmed.

By Farmer, P.J.

Delaney, J. concur and

Edwards, J. concurs separately.


_s/ Sheila G. Farmer_____


_s/ Patricia A. Delaney_____


_____

JUDGES

SGF/sg 110

EDWARDS, J., CONCURRING OPINION

{¶46} I concur with the majority as to its disposition of all three assignments of error.

{¶47} I write separately only to point out the following:

{¶48} The majority finds that the appellant challenges the trial court's finding of dependency. I do not find that that is the appellant's argument. The appellant does challenge the alleged determination made by the trial court that reasonable efforts were made to assist the parents with a case plan and to prevent removal of the child. But, as pointed out by appellee, the Ohio Supreme Court, in 2007, indicated that R.C. 2151.419, the "reasonable efforts" statute, does not generally apply to permanent custody proceedings. See *In re C.F.*, 113 Ohio St.3d 73, 862 N.E.2d 816.

_____

Judge Julie A. Edwards

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                           :
                                            :
A. S.                                       :            JUDGMENT ENTRY
                                            :
MINOR CHILD(REN)                            :
                                            :            CASE NO. 2010CA00269


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division, is affirmed.  Costs to appellant.



_s/ Sheila G. Farmer_____


_s/ Julie A. Edwards_____


_s/ Patricia A. Delaney_____
                        JUDGES